IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Emmanuel Dunagan, Jessica Muscari, Robert J. Infusino, and Stephanie Porreca, on behalf of themselves and a class of similarly situated persons, <br><br>    Plaintiffs, <br><br>  v. <br><br>Illinois Institute of Art-Chicago, LLC, an Illinois limited liability company; Illinois Institute of Art-Schaumburg, LLC, an Illinois limited liability company; Dream Center Foundation, a California non-profit corporation; Dream Center Educational Holdings, a Pennsylvania limited liability company; and John Does 1-10, in their individual capacity <br><br>    Defendants. <br>_____/ | No. 1:19-cv-809 <br>CLASS ACTION |

## **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION**

Defendant Illinois Institute of Art–Schaumburg. ("IIA-Schaumburg"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois. The grounds for removal are as follows:

**I. The State Court Action**

1. On or about December 16, 2018, Plaintiffs Emmanuel Dunagan, Jessica Muscari, Robert J. Infusino, and Stephanie Porreca ("Plaintiffs") filed a putative class action against IIA-Schaumburg in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under Case No. 2018-CH-15216 (the "State Court Action").

2. Plaintiffs' Complaint (the "Complaint" or "Compl.") is brought against IIA-Schaumburg on behalf of "all persons who were first enrolled or remained enrolled at IIA-

1

Chicago and/or IIA-Schaumburg on or any time after January 20, 2018, including students who were enrolled prior to January 20, 2018 and remained enrolled after that date, as well as students who first enrolled on or after that date." Compl. ¶ 122.[1]

3. The Complaint brings causes of action on behalf of the Plaintiffs and a class of all similarly situated individuals for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (Counts I, II, and III) (the "ICFA"), Negligent Misrepresentation (Count IV); and Fraudulent Concealment (Count V).

4. IIA-Schaumburg has not yet filed an answer or otherwise responded to the Complaint in the State Court Action.

## II.  Removal is Proper Based on Diversity Jurisdiction

5. The State Court Action may be removed to this Court because it involves a controversy wholly between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Therefore, this is a civil action in which the district courts of the United States have original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court pursuant to 28 U.S.C. 1441(a) and (b).

### A.  There is Complete Diversity of Citizenship Between the Parties

6. The Complaint alleges that each of the Plaintiffs in this action are citizens of the State of Illinois. Compl. ¶¶ 13-16. Although the Complaint is also brought on behalf of a putative class of individuals who may be citizens of other states, "the citizenship requirement for purposes of diversity jurisdiction in a class action hinges entirely on the citizenship of the named plaintiffs." *Tropp v. Western-Southern Life Ins. Co.*, 381 F. 3d 591, 595 (7th Cir. 2004).

---

[1] A copy of the Complaint filed in the Circuit Court of Cook County, along with other pleadings served upon IIA- Schaumburg, as well as an affidavit of service showing the date IIA-Schaumburg was served, is attached as part of composite **Exhibit A**.

7. Three of the four Defendants are limited liability companies. For purposes of assessing diversity jurisdiction, "the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). And, if the LLC's members have members themselves, then the citizenship of those members must be assessed. *DC Liquidators, LLC v. Warehouse Equip. Specialists, LLC*, 66 F. Supp. 3d 1138, 1139 (N.D. Ill. 2014) ("the citizenship of an LLC is that of each of its members, and this must be traced all the way through any corporate, LLC, or other entity members").

8. One of the Defendants—Dream Center Foundation—is a nonprofit corporation. For diversity purposes, a corporation is deemed to be a citizen where its principal place of business is located. The Supreme Court has held that a corporation's principle place of business is where "a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's nerve center . . . " *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

9. Defendant Illinois Institute of Art – Schaumburg, LLC incorporated as a domestic limited liability company in the state of Arizona on April 28, 2017.[2] It has one member—The Illinois Institute of Art, LLC.[3] The Illinois Institute of Art, LLC, in turn, was also incorporated in Arizona on April 28, 2017.[4] Its sole member is The Arts Institutes International, LLC.[5] The Arts

---

[2] *See* **Exhibit B**. The Court may take judicial notice of filings with Secretaries of State. *Farag v. Health Care Serv. Corp.*, No. 17 C 2547, 2017 WL 2868999, at *13 (N.D. Ill. July 5, 2017); *The City of Waukegan v. Bond Safeguard Ins. Co.*, No. 15 C 3007, 2015 WL 6870106, at *2 (N.D. Ill. Nov. 6, 2015). In addition, the Court may properly look beyond the allegations of the complaint to determine whether jurisdiction exists. *Bowyer v. U.S. Dep't of Air Force*, 875 F.2d 632, 635 (7th Cir. 1989). This Court should consider these filings, and not the caption of Plaintiffs' Complaint, as they erroneously identify IIA-Schaumburg and the Illinois Institute of Art, LLC as Illinois limited liability companies, and erroneously identifies Dream Center Educational (sic) Holdings, LLC as a Pennsylvania limited liability company. In addition, as explained in paragraph 12 below, Plaintiffs named as a defendant an entity called "Illinois Institute of Art – Chicago, LLC"—an entity that, to the best of Defendant IIA-Schaumburg's knowledge, does not exist.
[3] *Id.*
[4] *See* **Exhibit C**

Institutes International, LLC was incorporated in Arizona on January 9, 2017.[6] Its sole member is Dream Center Education Holdings, LLC.[7] Dream Center Education Holdings, LLC was also incorporated in Arizona on January 9, 2017.[8] Its sole member is the Dream Center Foundation.[9] Dream Center Foundation is a California nonprofit corporation.[10] It was registered in California on January 8, 2008, and its principal place of business is at 2301 Bellevue Ave. Los Angeles, California 90026.[11]

10. Defendant Illinois Institute of Art, LLC, in turn, was also incorporated in Arizona on April 28, 2017.[12] Its sole member is The Arts Institutes International, LLC.[13] The Arts Institutes International, LLC was incorporated in Arizona on January 9, 2017.[14] Its sole member is Dream Center Education Holdings, LLC.[15] Dream Center Education Holdings, LLC was also incorporated in Arizona on January 9, 2017.[16] Its sole member is the Dream Center Foundation.[17] Dream Center Foundation is a California nonprofit corporation.[18] It was registered in California on January 8, 2008, and its principal place of business is at 2301 Bellevue Ave. Los Angeles, California 90026.[19]

---

[5] *Id.*
[6] *See* **Exhibit D**
[7] *Id.*
[8] *See* **Exhibit. E**
[9] *Id.*
[10] *See* **Exhibit F**
[11] *Id.*
[12] *See* **Exhibit C**
[13] *Id.*
[14] *See* **Exhibit D**
[15] *Id.*
[16] *See* **Exhibit. E**
[17] *Id.*
[18] *See* **Exhibit F**
[19] *Id.*

11. Dream Center Education Holdings, LLC was also incorporated in Arizona on January 9, 2017.[20] Its sole member is the Dream Center Foundation.[21] Dream Center Foundation is a California nonprofit corporation.[22] It was registered in California on January 8, 2008, and its principal place of business is at 2301 Bellevue Ave. Los Angeles, California 90026.[23]

12. Dream Center Foundation is a California nonprofit corporation.[24] It was registered as a domestic nonprofit corporation in in California on January 8, 2008, and its principal place of business, and "nerve center," is at 2301 Bellevue Ave. Los Angeles, California 90026.[25]

13. Defendant Illinois Institute of Art – Chicago, LLC appears to be either a misnomer, or erroneously named as a defendant, as no entity of that name is incorporated in Illinois (as Plaintiff alleges). Nor is an entity of that name incorporated in Arizona. In addition, it does not appear that an entity of that name was ever served with process.

14. Because Plaintiffs are all citizens of Illinois, and because the Defendants are all citizens, ultimately, of California, there is complete diversity of citizenship between the relevant parties to this action.

B. **The Amount in Controversy Exceeds $75,000**

15. The Plaintiffs in this action have each placed more than $75,000 in controversy, exclusive of interests and costs. Notably, although the action is brought as a putative class action, "[o]nce one plaintiff satisfies the amount-in-controversy requirement for diversity jurisdiction, the other plaintiffs come in under the court's supplemental jurisdiction regardless of whether their individual claims satisfy the requirements of §1332." *Oshana v. Coca-Cola Co.*, 472 F. 3d

---

[20] *See* **Exhibit. E**
[21] *Id.*
[22] *See* **Exhibit F**
[23] *Id.*
[24] *Id.*
[25] *Id.*

506, 511 (7th Cir. 2006); *see also Karpowicz v. GMC*, 1997 U.S. Dist. Lexis 3962, at *11 (N.D. Ill Mar. 27, 1997) ("[I]t is sufficient for jurisdictional purposes if the class representative meets the jurisdictional amount; the claims of the non-representative class members may fail to meet the jurisdictional amount while still falling within the court's supplemental jurisdiction"). Thus, the jurisdictional minimum is satisfied so long as one Plaintiff places in controversy an amount in excess of $75,000—irrespective of the amounts sought by other Plaintiffs or putative class members.

16. The Complaint alleges that Defendants' violations took place repeatedly and that Plaintiffs incurred "actual harm in the form of debt incurred in order to attend IIA, costs incurred to attend IIA, lost wages, damage to credit, loss of eligibility for financial aid programs, and a diminution of value of their degrees, among other harms" Compl. ¶¶ 190-91; 197-98; 237. In addition, the Complaint contends that the Defendants' conduct "had that potential to and did cause substantial injury to large numbers of consumers" *Id*. ¶ 213. Further, the Complaint contends that the "Defendants negligent misrepresentation caused damage to Named Plaintiffs and the class, who are entitled to damages and other legal and equitable relief." Compl. ¶ 222. Although the Complaint does not value all of these claims, and measure of damages, however, "[i]n such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F. 3d at 511.

17. Plaintiffs allege damages, *inter alia*, in the amount of the cost of attendance for the 2018-19 academic year. Specifically, at both IIA-Chicago and IIA-Schaumburg, cost of attendance was estimated to be $28,878 (if living with parents) and $32,644 (if living off campus). These estimates included tuition of $483 per credit and estimates for expenses such as room and board, transportation, personal expenses, fees, books, and supplies. Compl. ¶ 39-40;

6

148; 157; 169; 181. Coupling this with the other alleged damages—*e.g.*, lost wages, damage to plaintiffs' credit, loss of eligibility for financial aid programs, along with a diminution of value of their degrees—it is more than plausible that the actual damages exceed $75,000 per Plaintiff. *See Brill v. Countrywide Home Loans, Inc.*, 427 F. 3d 446 (7th Cir. 2005) ("Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction.")

18. In addition to the aforementioned relief, the Complaint also seeks punitive damages. *E.g.*, Compl. ¶¶ 192(5); 199(5); 213(5); 237(5). The Seventh Circuit has held that where punitive damages are recoverable as a matter of state law, a punitive damages recovery "must be considered to the extent claimed in determining the jurisdictional amount." *Anthony v. Security Pac. Fin. Servs.*, 75 F. 3d 311, 315 (7th Cir. 1996); *see also Casey-Beich v. UPS*, 295 Fed. App'x 92, 94 (7th Cir. 2008) ("punitive damages can satisfy the minimum amount in controversy required for diversity jurisdiction if they are recoverable under state law").  Indeed, where punitive damages are recoverable, "the court has subject matter jurisdiction unless it is clear beyond a *legal certainty* that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." *Anthony*, 75 F. 3d at 315 (emphasis added). Here, Plaintiffs' claims for violation of the ICFA, for misrepresentations of material fact, omissions of material fact, and unfairness all permit an award of punitive damages—particularly because the Complaint describes Defendants' alleged conduct as "designed to conceal, suppress and omit material facts" as well as being "[]…immoral, unethical, and oppressive []" (Compl. ¶¶ 197, 201; ). *See* 815 ILCS 505/10a(a) (ICFA); *see also Johnston v. Anchor Organization for Health Maintenance,* 621 N.E. 2d 137 (Ill. App. Ct. 1993); *Smith v. Prime Cable of Chicago,* 658 N.E. 2d 1325 (Ill. App. Ct. 1995). Thus, the alleged punitive damages recovery must be considered in

determining whether the jurisdictional amount is met. The Seventh Circuit has held that a "4-to-1 ratio" of punitive to compensatory damages is appropriate when determining if the jurisdictional minimum is satisfied. *LM Ins. Corp. v. Spaulding Enterprises Inc.*, 533 F.3d 542, 551 (7th Cir. 2008).

19. Coupling the permissible punitive damages amount with the actual damages sought in the Complaint, it certainly cannot be said "beyond a legal certainty that [Plaintiffs] would under no circumstances be entitled to recover the jurisdictional amount." *Anthony*, 75 F.3d at 315. On the contrary, the actual and punitive damages sought in the Complaint far exceed the jurisdictional minimum necessary to establish diversity jurisdiction.[26]

### IV. IIA-Schaumburg Has Complied With 28 U.S.C. § 1446

20. True and correct copies of all materials listed in 28 U.S.C. 1446(a), including the Complaint and other pleadings received by IIA-Schaumburg, are attached hereto as Composite **Exhibit A**.

21. Pursuant to 28 U.S.C. § 1446(d), IIA-Schaumburg will promptly serve written notice of this Notice of Removal on Plaintiffs' counsel and to the Clerk of the Circuit Court of Cook County, Illinois.

22. IIA-Schaumburg was served with the summons and Complaint on January 8, 2019. *See* **Composite Exhibit A**. Accordingly, IIA-Schaumburg's removal of this action is timely under 28 U.S.C. § 1446(b) as it has been filed within 30 days of service of the initial pleading setting forth the claim for relief.

---

[26] While the amount in dispute exceeds $75,000, Defendant certainly contests that it is liable to Plaintiffs for that amount. As the court in *Liqui-Green Lawn Care v. S.C. Johnson & Son, Inc.,* observed: "Every defendant always remains free to contest any liability on the merits while admitting to *potential* liability to the extent necessary to establish diversity jurisdiction." 1992 U.S. Dist. Lexis 7227, at * 7 (N.D. Ill. May 12, 1992) (emphasis in original).

23.     All defendants are joined in, and consent to, this Notice of Removal.

WHEREFORE, IIA-Schaumburg respectfully gives notice that the above-entitled action now pending against it in the Circuit Court of Cook County, Illinois, Chancery Division, is removed to this Court and respectfully requests this Court to assume full jurisdiction over the cause herein, as provided by law, and to issue all necessary orders and process.

Dated: February 7, 2019

        Respectfully Submitted,

        By: /s/ Kevin P. Lolli
        Attorney for Defendant Illinois Institute of Art-Schaumburg, LLC

        Richard J. Keating, Jr. (ARDC# 6229550)
        **SWANSON, MARTIN & BELL, LLP**
        330 N. Wabash, Suite 3300
        Chicago, Illinois 60611
        (312) 321-9100
        (312) 321-0990 (fax)
        Rkeating@smbtrials.com

        Kevin P. Lolli (ARDC#6317855)
        **SWANSON, MARTIN & BELL, LLP**
        330 N. Wabash, Suite 3300
        Chicago, Illinois 60611
        (312) 222-8508
        (312) 321-0990 (fax)
        klolli@smbtrials.com

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that on February 7, 2019, a true and correct copy of the foregoing was served via email upon all counsel of record.

                                                 By: /s/ Kevin P. Lolli
                                                 Attorney for Defendant Illinois Institute of Art-Schaumburg, LLC