IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMMANUEL DUNAGAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ILLINOIS INSTITUTE OF ART-SCHAUMBURG, LLC, et al., <br><br> Defendants. | Case No. 1:19-cv-00809 <br><br> Hon. Charles R. Norgle |

## ORDER

The Plaintiffs' motion to take jurisdictional discovery [124] is granted over objection. Plaintiffs may conduct jurisdictional discovery with respect to Defendants Chris Richardson, Brent Richardson, and Shelly Murphy in the form of depositions. The motions to dismiss for lack of jurisdiction filed by each of those Defendants [122] [127] are denied with leave to refile at the conclusion of jurisdictional discovery. Plaintiffs' motion to compel further deposition testimony of Defendant Chris Richardson remains under advisement. Parties shall submit a joint status report on or before June 21, 2021.

## STATEMENT

The relevant background of this case was set out in this Court's April 1, 2021 opinion resolving the Higher Learning Commission's motion to dismiss. Dkt. 128. In short, Plaintiffs allege that when the Illinois Institute of Art[1] lost its accreditation in early 2018, the Defendants intentionally concealed that information from students and lied about the school's accreditation status. Plaintiffs initially sued several legal entities related to the Illinois Institute of Art, but later amended their complaint to add three individual defendants: Brent Richardson, Chris Richardson, and Shelly Murphy (collectively, the "Individual Defendants"). The Individual Defendants moved to dismiss the claims against them, arguing that this Court lacks personal jurisdiction over them because they lack sufficient contacts with Illinois. Plaintiffs moved to conduct jurisdictional discovery before responding to the Individual Defendants' motions to dismiss. For the reasons below, this Court grants Plaintiffs' motion to conduct jurisdictional discovery, and denies the Individual Defendants' motions to dismiss. The Individual Defendants may refile motions to dismiss after the conclusion of jurisdictional discovery.

---

[1] Defendants Illinois Institute of Art-Schaumburg, LLC and Illinois Institute of Art, LLC shall be referred to as the "Illinois Institute of Art." Defendants Dream Center Foundation and Dream Center Educational Holdings, LLC, shall be referred to as the "Dream Center."

The Plaintiffs allege that at the relevant time, each of the Individual Defendants were officers, directors, or other high-ranking employees of the Defendant Dream Center, which purchased the Illinois Institute of Art in early 2018. Plaintiffs allege that Brent Richardson was registered as the manager of the Illinois Institute of Art, was the CEO the Dream Center, a member of the Dream Center's board of directors, and "maintained final decision-making authority for" the Dream Center. 3d. Am. Compl. ¶¶28, 29, 48. Plaintiffs also allege that Brent Richardson, "performed a variety of services for [the Illinois Institute of Art], including oversight of corporate governance, contractual agreements with third parties, and other enterprises. Id. ¶28. Brent Richardson was also allegedly involved in the financing and purchase of the Illinois Institute of Art by the Dream Center. Id. ¶52. Defendant Chris Richardson was "an officer and Chief Counsel" of the Dream Center. Defendant Shelly Murphy was the "Chief Officer of Regulatory and Government Affairs for" the Dream Center. Plaintiffs allege that each of these three individuals was personally involved in a fraudulent scheme against the students of the Illinois Institute of Art.

The Illinois Institute of Art operated two campuses in Illinois that enrolled and recruited primarily Illinois students. Plaintiffs allege that the Individual Defendants received notice from the Higher Learning Commission that the school was losing its accreditation in early 2018, and was aware of the Higher Learning Commission's instruction to inform the students of the change. Id. ¶118. Plaintiffs allege that Individual Defendants "took numerous steps to resist [the Higher Learning Commission's] requirements, including directing outside counsel to contest (or appear to contest) the decision, ordering the loss of accreditation to be concealed from [the Illinois Institute of Art]'s student body, and intentionally misrepresenting [the Illinois Institute of Art]'s accreditation status on its website and in other student-facing and public-facing materials." Id. ¶128. Plaintiffs allege that Individual Defendants worked together to place on the school's website a notice reading that the school "remain[s] accredited as a candidate school." Id. ¶133-34, 136, 137. Plaintiffs also allege that the Individual Defendants made a "calculated decision not to formally appeal or otherwise challenge [the Higher Learning Commission]'s decision [regarding accreditation]," "but rather [decided] to pretend to do so." Id. ¶¶142, 149. Further, Plaintiffs allege that the Individual Defendants chose not to tell students about the school's loss of accreditation until a news article revealed the Higher Learning Commission's decision five months later. Id. ¶¶172-175. Plaintiffs allege that the Individual Defendants' actions harmed Illinois students, who paid tuition to take classes at what they were told was an accredited school, only to later learn that their courses were unaccredited. In contrast to Plaintiffs' allegations, the Individual Defendants submitted declarations claiming that they do not reside, own property, or engage in business in Illinois. Dkt. 122-1, 127-1.

The Court has broad discretion to order jurisdictional discovery to ascertain whether it has personal jurisdiction over named defendants. Insubuy, Inc. v. Cmty. Ins. Agency, No. 10 C 3925, 2010 WL 4659483, at *1 (N.D. Ill. Nov. 9, 2010). If a plaintiff alleges a prima facie case of personal jurisdiction, "courts should permit [the plaintiff] to conduct limited discovery to address the personal jurisdiction issues raised by a defendant's motion to dismiss." Id. In determining whether a plaintiff has sufficiently alleged a prima facie case for personal jurisdiction, courts read "the complaint liberally, in its entirety, and with every inference drawn in favor" of the plaintiff. Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co., 440 F.3d 870, 878 (7th Cir. 2006); Precision Dynamics Corp. v. Typenex Med., L.L.C., No. 13-CV-860, 2014 WL

2

12656904, at *2 (E.D. Wis. Feb. 13, 2014) ("A court should permit jurisdictional discovery only when a plaintiff establishes a colorable or prima facie showing of personal jurisdiction.") If the factual record is "ambiguous or unclear," jurisdictional discovery is appropriate. Precision Dynamics Corp. v. Typenex Med., L.L.C., No. 13-CV-860, 2014 WL 12656904, at *2 (E.D. Wis. Feb. 13, 2014). "Although the standard is low, a court should deny jurisdictional discovery when a plaintiff's request is only based upon bare, attenuated, or unsupported assertions of personal jurisdiction, or when a plaintiff's claim appears to be clearly frivolous." Id. (internal quotation omitted). This Court looks to the totality of the allegations concerning the Individual Defendants' contacts with Illinois to determine whether the Plaintiffs have made a prima facie case for jurisdiction. Mid-Am. Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1361 (7th Cir. 1996).

The Individual Defendants argue that Plaintiffs have not alleged a prima facie case for personal jurisdiction against them. But the standard for a prima facie case of personal jurisdiction is a low one, and the Plaintiffs here have met it. Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co., 440 F.3d 870, 877 (7th Cir. 2006). The Individual Defendants were allegedly involved in a scheme to hide the Illinois Institute of Art's loss of accreditation from its students, including by lying to current and prospective students on the school's website and other publication materials. Plaintiffs' allegations provide significant detail concerning the Individual Defendants' alleged involvement and seek recovery from the Individual Defendants for intentional torts. Under the Supreme Court's guidance in Calder, a court has personal jurisdiction over an out-of-state defendant where the defendant engaged in: "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." Tamburo v. Dworkin, 601 F.3d 693, 703 (7th Cir. 2010); Calder v. Jones, 465 U.S. 783, 790 (1984). Plaintiffs allegations meet and exceed the Calder standard to establish a prima facie case for personal jurisdiction. First, Plaintiffs plausibly allege that Individual Defendants engaged in an intentional conduct, namely fraud, when they intentionally hid the school's accreditation status from the students and lied about it on the school's website and other publication materials. Second, the Individual Defendants' alleged actions were expressly aimed at Illinois because their alleged deception was to retain and recruit primarily Illinois students at an Illinois school. Similarly, the effects of the alleged deception allegedly harmed primarily Illinois students. Thus, Plaintiffs have made a prima facie case for personal jurisdiction over the Individual Defendants.

The fact that the Individual Defendants were corporate officers of the Dream Center does not strip this Court of personal jurisdiction over them. Even though the fiduciary shield doctrine often insulates corporate actors from personal jurisdiction based solely on conduct taken on behalf of the corporation, that doctrine does not extend to cover fraud or other intentional misconduct. Calder v. Jones, 465 U.S. 783, 790 (1984) (defendants' "status as employees does not somehow insulate them from jurisdiction."); In re: RFC & ResCap Liquidating Tr. Litig., No. 13-CV-3451 (SRN/HB), 2017 WL 1483374, at *10 (D. Minn. Apr. 25, 2017) ("Of more immediate relevance to the facts of this case, several courts have recognized an exception to the fiduciary shield doctrine where the officer or director is alleged to have committed fraud or another intentional tort on behalf of the corporation, or to have acted for his or her own benefit instead of the corporation's."); Wolf Designs, Inc. v. DHR Co., 322 F. Supp. 2d 1065, 1072 (C.D. Cal. 2004) ("A corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own

3

behalf.") (quoting Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co., 173 F.3d 725, 734 (9th Cir.1999)). Further, "several courts in this district have concluded that the fiduciary shield does not apply to high-ranking corporate officers and directors, at least in particular circumstances." Plastic Film Corp. of Am. v. Unipac, Inc., 128 F. Supp. 2d 1143, 1147 (N.D. Ill. 2001). The Plaintiff brought claims against all the Individual Defendants for intentional misconduct, and the Individual Defendants are all officers, directors, or otherwise high-ranking corporate employees. Although the Court has not yet ruled on the existence of personal jurisdiction over the Individual Defendants, the fiduciary shield doctrine does not destroy Plaintiffs' prima facie case for personal jurisdiction over these defendants. Thus, because the Plaintiffs have established a prima facie case for person jurisdiction over Defendants Chris Richardson, Brent Richardson, and Shelly Murphy, this Court exercises its discretion to order jurisdictional discovery.

The Court grants Plaintiffs' motion for jurisdictional discovery, and orders that Plaintiffs may, within 60 days of this order, depose each of the Individual Defendants to ascertain jurisdictional facts. The Individual Defendants' motions to dismiss are denied without prejudice. However, Individual Defendants may refile motions to dismiss for lack of jurisdiction within 30 days from the date the last Individual Defendant is deposed. Plaintiffs' motion to compel deposition testimony with respect to Chris Richardson will remain under advisement until the Court determines whether it has personal jurisdiction over him.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: April 19, 2021