# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

EMMANUEL DUNAGAN, JESSICA MUSCARI, ROBERT J. INFUSINO, STEPHANIE PORRECA, KEISHANA MAHONE, and LAKESHA HOWARD-WILLIAMS on behalf of themselves and a class of similarly situated persons,

    Plaintiffs,

v.

ILLINOIS INSTITUTE OF ART-SCHAUMBURG, LLC, an Arizona limited liability company; ILLINOIS INSTITUTE OF ART, LLC, an Arizona limited liability company; DREAM CENTER FOUNDATION, a California non-profit corporation; DREAM CENTER EDUCATIONAL HOLDINGS, LLC, an Arizona limited liability company; BRENT RICHARDSON, in his individual capacity; CHRIS RICHARDSON, in his individual capacity; SHELLY MURPHY, in her individual capacity; and JOHN DOES 1–7, in their individual capacities,

    Defendants.

Case No. 19-cv-809
Hon. Charles Norgle

**PLAINTIFFS' MOTION FOR RULE TO SHOW CAUSE AS TO DEFENDANT MURPHY'S FAILURE TO COMPLY WITH THIS COURT'S AUGUST 20, 2021 ORDER**

Daniel A. Edelman
Cassandra P. Miller
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

Alexander S. Elson*
Eric Rothschild*
Robyn K. Bitner*
**NATIONAL STUDENT LEGAL DEFENSE NETWORK**
1015 15th Street NW, Suite 600
Washington D.C. 20005
www.defendstudents.org
*Admitted Pro Hac Vice

Plaintiffs Emanuel Dunagan, Jessica Muscari, Robert J. Infusino, Stephanie Porreca, Keishana Mahone, and Lakesha Howard-Williams (collectively, "Plaintiffs"), through undersigned counsel, move this Court to enter an order requiring Defendant Shelly Murphy ("Defendant Murphy") to show cause why she failed to comply with this Court's August 20, 2021, Order, Dkt. 162, to pay the reasonable expenses and attorneys' fees this Court awarded Plaintiffs pursuant to Federal Rule of Civil Procedure 4(d)(2). Dkt. 155.

In support, Plaintiffs state as follows:

1. On January 25, 2021, Plaintiffs filed a Third Amended Class Action Complaint ("TAC") naming Shelly Murphy as an additional Defendant in this case. *See* Dkt. 106.

2. After more than ten failed attempts to serve Defendant Murphy with a subpoena for deposition,[1] Plaintiffs provided Defendant Murphy with a waiver of service of summons. Dkt. 155 at 13.

3. Defendant Murphy chose not to sign and return the waiver of service. *Id.*

4. As a result, Plaintiffs were forced to incur $800 in costs to effect service of the summons and TAC on Defendant Murphy through a private investigator. Dkt. 155 at 14.

5. On March 30, 2021, Plaintiffs, through counsel, contacted Defendant Murphy's attorney to request that she pay the costs associated with service of the summons and TAC. *See* Dkt. 134-5, App. E at 2.

6. In an effort to avoid the need for court intervention and the unnecessary time and expense of motion practice, Plaintiffs' counsel provided counsel for Defendant Murphy with documentation establishing the mailing of the Waiver of Service and the costs associated with the service of the summons and TAC. *Id.* at 2, 5, 8, 10, 12.

---

[1] Plaintiffs attempted to serve Defendant Murphy with a deposition subpoena prior to adding Defendant Murphy to the litigation.

1

7. On April 6, 2021, Defendant Murphy's attorney stated that she would not agree to pay the costs associated with service. *Id*. at 20.

8. As a result, Plaintiffs were forced to incur additional time and expense in filing a motion to compel Defendant Murphy to pay the costs associated with service of summons. Dkt. 134.

9. Over Defendant Murphy's objection, on August 5, 2021, this Court granted Plaintiffs' motion for expenses and reasonable attorneys' fees pursuant to Federal Rules of Civil Procedure 4(d)(2). Dkt. 155.

10. Pursuant to this Court's instruction, on August 19, 2021, Plaintiffs filed a "detailed and thorough affidavit demonstrating" that the $800 in service expenses and $5,664.80 in attorneys' fees incurred in filing the motion to recover those expenses were reasonable. Dkt. 162.

11. As more fully detailed in Plaintiffs' prior filings supporting their request for service costs and fees, Plaintiffs made every effort to avoid the imposition of service costs and subsequent attorneys' fees incurred in filing the motion, but Defendant Murphy refused to cooperate. Dkts. 134 and 138.

12. On August 20, 2021, this Court ordered "Defendant Shelly Murphy to pay Plaintiffs $6,464.80 within 15 days." Dkt. 162.

13. Thus, under Federal Rule of Civil Procedure 6, Defendant Murphy was required to make the Court-ordered payment by September 7, 2021.

14. At approximately 10:00 pm on September 7, 2021, Plaintiffs' counsel received an email from Defendant Murphy's attorney requesting additional time to make the Court-ordered payment and indicating that Defendant Murphy may need a payment plan to satisfy the amount

ordered. See Email from Mike Schern, Counsel for Defendant Murphy, to Eric Rothschild, counsel for Plaintiffs (Sept. 7, 2021 10:07 PM) (attached hereto as Exhibit 1).

15. On September 8, 2021, Plaintiffs' counsel responded that any modification of the Court's order would need to be sought and approved by the Court, but Plaintiffs would not oppose a request for a one-week extension of time (to September 14, 2021) and would review and consider any documents submitted to the Court that would justify the need for a payment plan. Email from Eric Rothschild, counsel for Plaintiffs, to Mike Schern, counsel for Defendant Murphy (Sept. 8, 2021 4:32 PM) (attached hereto as Exhibit 2).

16. To date, Defendant Murphy has failed to file any motion seeking an extension of the Court's September 7, 2021, deadline or justifying the need for a payment plan.

17. On September 14, 2021, counsel for Plaintiffs' contacted Defendant Murphy's attorney to remind him that the deadline to make the payment had passed and no motion requesting relief from the Court order had been filed. Email from Cassandra Miller, counsel for Plaintiffs, to Mike Schern, counsel for Defendant Murphy (Sept. 14, 2021 3:35 PM) (attached hereto as Exhibit 3). Plaintiffs' counsel requested that Defendant Murphy contact Plaintiffs' counsel to discuss the matter further or respond with an anticipated date of payment. *Id.*

18. As of the date of this filing, Defendant Murphy's attorney has not responded to Plaintiffs' counsel's request to discuss payment arrangements and Defendant Murphy has not made the payment required by the August 20, 2021, order.

19. Despite Plaintiffs' best efforts to avoid the service costs, the subsequent attorney fees incurred in recouping those costs, and the additional legal time incurred in preparing and filing the instant motion, Defendant Murphy has been recalcitrant.

20. Yet again, Plaintiffs are forced to seek court intervention to enforce the August 20, 2021, order through the instant motion. *Gross v. Town of Cicero*, 528 F.3d 498, 500–01 (7th Cir. 2008) ("[T]he right response to carelessness of the sort exhibited here is not to say 'never mind' and proceed as if everything had been done properly. Then deadlines would be toothless.").

21. As this Court aptly noted in *Bardney v. United States*, "the failure to obey court orders cannot be tolerated." 959 F. Supp. 515, 525 (N.D. Ill. 1997); *see also Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996) ("We live in a world of deadlines. . . . A good judge sets deadline, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines."); *Reales v. CONRAIL*, 84 F.3d 993, 996 (7th Cir. 1996) ("[Courts] are entitled—indeed they must—enforce deadlines."); *Hard Surface Solutions, Inc. v. Sherwin-Williams Co.*, 271 F.R.D. 612, 615 (N.D. Ill. 2010) ("Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won.") (quoting *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1994)).

22. This Court found that Defendant Murphy failed to abide by her "duty to avoid unnecessary expenses of serving the summons" under Rule 4(d)(1), did not have "good cause" to refuse the waiver of service, and that the resulting cost of service and the reasonable attorneys' fees incurred in recovering those costs was "of her own making." Dkt. 155 at 13–14.

23. Defendant Murphy was ordered to pay $6,464.80 by September 7, 2021.

24. Defendant Murphy has not paid the amounts ordered by this Court, nor has she sought any extension or other relief from that order.

25. Defendant Murphy has failed to comply with this Court's orders and should be required to show cause as to her failure to do so.

4

WHEREFORE, Plaintiffs respectfully request that this Court enter an order requiring Defendant Murphy to show cause as to her failure to comply with this Court's August 20, 2021, order and to pay the $6,464.80 required by that order.

                              Respectfully Submitted,

                              /s/ *Cassandra P. Miller*
                              Cassandra P. Miller

Daniel A. Edelman
Cassandra P. Miller
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

Alexander S. Elson*
Eric Rothschild*
Robyn K. Bitner*
**NATIONAL STUDENT LEGAL DEFENSE NETWORK**
1015 15th Street NW, Suite 600
Washington D.C. 20005
www.defendstudents.org
*Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

      I, Cassandra P. Miller, hereby certify that on September 23, 2021 I caused a true and accurate copy of the foregoing document to be filed via the courts CM/ECF online system, which sent notice via email to all counsel of record.

                                                   /s/ Cassandra P. Miller
                                                   Cassandra P. Miller

Daniel A. Edelman
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Ste 1500
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com
#

6