IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMMANUEL DUNAGAN, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> ILLINOIS INSTITUTE OF ART-CHICAGO, LLC, *et al.*, <br><br> *Defendants*. | Case No. 19-cv-809 <br><br> Honorable Joan Humphrey Lefkow |

**PARTIES' JOINT STATUS REPORT FOLLOWING TRANSFER FROM JUDGE CHARLES NORGLE**

Plaintiffs Emmanuel Dunagan, Jessica Muscari, Robert J. Infusino, Stephanie Porreca, Keishana Mahone, and Lakesha Howard-Williams and Defendants Brent Richardson, Chris Richardson, Shelly Murphy, and the Dream Center Foundation ("DCF") submit this Joint Status Report pursuant to this Court's Order (Dkt. 191), entered following the October 6, 2022 Executive Committee Order (Dkt. 190) transferring this matter from the Honorable Judge Norgle.

As explained in more detail below, on October 22, 2021, Judge Norgle entered an order staying this case "until the parties can demonstrate that they have received proper approval to proceed in compliance with any and all orders in the receivership litigation currently before the Honorable Judge Polster." Dkt. 183. As a result, this case is currently stayed.

**Background and Procedural History**

Plaintiffs are former students who attended the for-profit Illinois Institute of Art in Chicago and Schaumburg, Illinois (collectively, "IIA"). IIA was owned and operated by Defendant Dream

1

Center Education Holdings ("DCEH"). Defendant DCF was the sole owner of DCEH and the ultimate parent company of all of the corporate defendants in this case.

Plaintiffs Emmanuel Dunagan, Jessica Muscari, Robert J. Infusino, and Stephanie Porreca filed this action against IIA, DCEH, and DCF in Illinois state court on December 6, 2018, alleging that they made false and misleading statements to Plaintiffs and the proposed class regarding IIA's accreditation status, including stating in widely disseminated materials that IIA campuses "remain[ed] accredited." Plaintiffs further alleged that these defendants concealed that IIA had lost its status as an accredited institution of higher education. Plaintiffs brought claims under the Illinois Consumer Fraud and Deceptive Practice Act, 815 ILCS 505/2, and for fraudulent concealment, and negligent misrepresentation.

On December 28, three weeks after Plaintiffs filed their Complaint, IIA closed.

On January 18, 2019, DCEH, IIA, and IIA-Schaumburg went into federal receivership (described further below) in the Northern District of Ohio. *See Dig. Media Sols. v. South Univ. of Ohio*, No. 1:19-cv-145 (N.D. Ohio Jan. 18, 2019) ("Receivership").

On February 7, 2019, Defendant IIA-Schaumburg filed a notice of removal to this court. Dkt 1. On May 6, 2019, this Court entered an Agreed Order staying this matter against Receivership entities DCEH, IIA, and IIA-Schaumburg pending dissolution of the Receivership. Dkt. No. 37. The litigation continued against DCF.

On January 25, 2021, Plaintiffs filed their Third Amended Complaint, adding former DCEH executives Brent Richardson, Chris Richardson and Shelly Murphy (collectively, "Individual Defendants") as defendants. Dkt. 106.[1]

Both DCF and the Individual Defendants filed motions to dismiss that were denied. On January 6, 2020, the Court denied DCF's motion. Dkt. 68. On August 5, 2021, the Court denied Individual Defendants' motion and granted Plaintiffs' motion for expenses and reasonable attorney's fees. Dkt.155.

On August 26, 2021, Plaintiffs filed a Fourth Amended Complaint to add new plaintiffs Keishana Mahone and LaKesha Howard-Williams. Dkt. 165. The Fourth Amended Complaint is the operative complaint in this case.

DCF and the Individual Defendants answered the Fourth Amended Complaint on September 9, 2021. Dkts. 166-67. On September 10, Plaintiffs moved to strike the Individual Defendants' Answer. Dkt. 168. Following entry of the bar order, the motion to strike was denied as moot without prejudice. Dkt. 183.

Additionally, DCF filed a Third-Party Complaint for Contribution against Third-Party Defendant the Higher Learning Commission ("HLC"), which HLC (the accreditor) moved to dismiss. The Court granted HLC's motion on March 30, 2021. Dkt. 128. On June 11, 2021, DCF filed a Motion for Reconsideration, which was fully briefed as of August 20, 2021. Dkts. 139, 153, 159. Following entry of the bar order, the motion for reconsideration was also denied as moot without prejudice. Dkt. 183.

---

[1] Brent Richardson was the Chief Executive Officer of DCEH and a member of its Board of Directors. His brother, Chris Richardson, was an officer and Chief Counsel of DCEH. Shelly Murphy was Chief Officer of Regulatory and Government Affairs for DCEH.

**Status of Discovery**

Prior to the stay, the parties exchanged over 54,000 documents, including those requested through third-party subpoenas.

Plaintiffs have taken ten depositions to date, including: (1) Chris Richardson, officer and Chief Counsel of DCEH; (2) limited jurisdictional discovery deposition of Defendant Brent Richardson; (3) limited jurisdictional discovery deposition of Defendant Chris Richardson; (4) limited jurisdictional discovery deposition of Defendant Shelly Murphy; (5) Dr. Ellyn McLaughlin, former DCEH Vice President for Accreditation and Assessment; (6) Josh Pond, former President of IIA; (7) Reverend Johnnie Moore, former DCF board member; (8) Pastor Matthew Barnett, Co-Founder of DCF and former member of DCEH's Board of Managers; (9) John Crowley, former DCEH Chief Operating Officer; and (10) Christopher Del Santo, former DCEH Vice President Risk and Compliance.

DCF noticed four of the Plaintiffs for depositions in May 2021, prior to the filing of the Fourth Amended Complaint. After all four provided available dates, DCF postponed the depositions in light of the then-pending settlement motion in the receivership court, in order to preserve the parties' resources. DCF has served written discovery on Plaintiffs and HLC, to which Plaintiffs have responded. Plaintiffs have served written discovery on DCF to which DCF has responded. Plaintiffs also served discovery requests on Individual Defendants and issued a third-party subpoena to Randall Barton, who was formerly managing director of DCF, Co-Chairman of the DCEH Board of Directors, a member of DCEH's Board of Managers, and Chief Development Officer of DCEH, both of which were pending when the stay was ordered.

4

### The Ohio Receivership & Pending Sixth Circuit Appeal

After Plaintiffs filed this case, a creditor of DCEH filed a separate case in federal court in Ohio, seeking $250,000 in unpaid invoices and requesting the appointment of a receiver over DCEH and its assets and subsidiaries. *See Digital Media Solutions v. South University of Ohio, et al.*, No. 1:19-cv-00145 (N.D. Ohio, filed Jan. 18, 2019) ("Receivership"). That same day, Mark Dottore was appointed as Receiver over defendants DCEH and IIA, but not over DCEH's parent, defendant DCF, and not over the Individual Defendants. Receivership Dkt. 8. A motion to intervene in the Receivership filed by Emmanuel Dunagan, Jessica Muscari, Robert J. Infusino, and Stephanie Porreca, the four original named plaintiffs in this case, was granted on February 13, 2019. Receivership Dkt. 49.

On February 18, 2021, the Receiver announced that he had reached a "global settlement" of his claims with DCF and a large group of former officers and directors of Dream Center entities, including the Individual Defendants. Receivership Dkt. 674. The Receiver further asserted that the settlement was contingent upon the receivership court entering an order that would permanently bar Plaintiffs from proceeding with this litigation in Illinois, against both Receivership and non-Receivership entities. *Id.* The four named plaintiffs in this case objected to the bar order, in their capacity as Intervenors. On October 20, 2021, after nearly eight months of briefing, amendments to the settlement and bar order, and a hearing on the bar order, Judge Polster, the receivership judge, approved it over Intervenors' objections. Receivership Dkt. 757. At that same time, Judge Polster, over the Intervenors' objection, entered an order approving of a litigation trust that "allows for the litigation and safeguarding of the Dunagan Intervenors' claims." Dkt. 760.

On October 22, 2021, Judge Norgle issued an order in this case *sua sponte*, stating that he had "become aware that the Honorable Dan Polster of the Northern District of Ohio has issued several orders impacting this litigation, including a litigation bar order against Plaintiffs." Dkt. 183. Judge Norgle stayed this case "until the parties can demonstrate that they have received proper approval to proceed in compliance with any and all orders in the receivership litigation currently before the Honorable Dan Polster." *Id.*

Plaintiffs appealed the Receivership Court's decisions approving the bar order and creating the litigation trust to the Sixth Circuit. *See Digital Media Solutions v. South University of Ohio, et al.*, No. 21-4014 (6th Cir.). The appeal was fully briefed as of May 3, 2022, Appeal Dkts. 31, 32, 38, and the Sixth Circuit held oral argument on July 19, 2022. The Sixth Circuit has not yet entered a decision on the appeal.

Respectfully submitted,

/s/ *Cassandra P. Miller*

Daniel A. Edelman
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (fax)
Email address for service:
courtecl@edcombs.com

Alexander S. Elson
Eric Rothschild
NATIONAL STUDENT LEGAL DEFENSE NETWORK
1701 Rhode Island Ave, NW
Washington D.C. 20036
alex@defendstudents.org
eric@defendstudents.org
*Attorneys for Plaintiffs*

/s/ *John C. Ochoa*

Eric L. Samore ARDC # 6181345
John C. Ochoa ARDC # 6302680
Gary Zhao ARDC # 6279527
SMITHAMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
esamore@salawus.com
jochoa@salawus.com
gzhao@salawus.com
*Attorneys for Defendant DCF*

/s/ *Mike Schern*

Michael A. Schern
Schern Richardson Finter, PLC
1640 S. Stapley Drive
Suite #132
Mesa, AZ 85204
(480) 632-1929
Email: mike@srfdlaw.com
*Attorney for Individual Defendants*

Dated: October 27, 2022

**CERTIFICATE OF SERVICE**

  I, Cassandra P. Miller, hereby certify that on October 27, 2022, I filed the foregoing document via the CM/ECF System, which caused notification of such filing to be sent to all counsel of record.

                    */s/ Cassandra P. Miller*
                    Cassandra P. Miller

Daniel A. Edelman
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St., Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)