IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMMANUEL DUNAGAN, *et al.*, *Plaintiffs*, v. ILLINOIS INSTITUTE OF ART-CHICAGO, LLC, *et al.*, *Defendants*. | Case No. 1:19-cv-00809 Honorable Jeffrey I. Cummings Magistrate Judge Heather K. McShain |

**FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT
AND DISMISSING ACTION WITH PREJUDICE**

This matter is before the Court on Plaintiffs' motion for final approval of the proposed class action settlement and entry of final judgment. Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendants Brent Richardson, Chris Richardson, Shelly Murphy, and the Dream Center Foundation have entered into a Settlement Agreement ("Settlement Agreement") that settles the above-captioned litigation. The Court, having considered the Motion for Final Approval, the Settlement Agreement together with all exhibits and attachments thereto, the record, and all other matters submitted to it at the Hearing on February 3, 2025, and finding no just reason for delay in entry of this Final Order and Judgment Approving Settlement and Dismissing Action with Prejudice ("Final Approval Order and Judgment") and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The Court has jurisdiction over the subject matter and personal jurisdiction over the Parties to the Action, including the Settlement Class Members.

2. The Settlement Agreement and all of its exhibits (Dkt. 308-1) are incorporated in this Final Approval Order and Judgment, including the definitions and terms set forth therein.

## FINAL SETTLEMENT AGREEMENT APPROVAL

3. Federal Rule of Civil Procedure 23(e)(2) requires the Court to find that the Settlement Agreement is "fair, adequate, and reasonable, and not a product of collusion." *Mirfasihi v. Fleet Mortg. Corp.*, 450 F.3d 745, 748 (7th Cir. 2006) (internal citation omitted).

4. The Court finds that the Settlement Agreement was not a product of fraud or collusion, and satisfies Rule 23(e) after considering (i) the complexity, expense, and likely duration of the Action; (ii) the stage of the proceedings and amount of discovery completed; (iii) the factual and legal obstacles to prevailing on the merits; (iv) the possible range of recovery; (v) the respective opinions of the Parties, including Plaintiffs, Class Counsel, Defendant, and Defendants' Counsel; and (vi) any objections submitted by Settlement Class Members.

5. The Court, therefore, finds that the Settlement Agreement is in the best interests of Settlement Class Members, is fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23, and GRANTS final approval of the Settlement Agreement and all of the terms and conditions contained therein.

## APPROPRIATE NOTICE

6. Federal Rule of Civil Procedure 23(c)(2)(B) requires that Settlement Class Members be provided "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

7. The Court finds that the notice plan set forth in the Settlement Agreement, which it previously approved (Dkt. 313 at ¶¶ 11–19), complies in all respects with the requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process

2

Clause), the rules of this Court, and applicable law. The Notice has been given in an adequate and sufficient manner to all Settlement Class Members who could be identified through reasonable effort. The Notice given constitutes the best notice practicable under the circumstances, and was reasonably calculated to apprise interested parties of the pendency of the Action, the nature of the claims, the definition of the Settlement Class, the scope and binding effect of the release, and their opportunity to exclude themselves from the Settlement Class or present objections to the Settlement.

8. The notice plan permitted Settlement Class Members to access information and documents about the case to inform their decision about whether to opt out of or object to the Settlement.

9. Settlement Class Members were given the opportunity to exclude themselves from the Settlement Class through submission of an Opt-Out Notice. None of the Settlement Class Members who received the Notice opted out of the Settlement.

## FINAL CERTIFICATION OF SETTLEMENT CLASS

10. Pursuant to Federal Rule of Civil Procedure 23, the Court finally certifies, for settlement purposes only, the Settlement Class[1] defined as follows:

> All persons who were first enrolled or remained enrolled at Illinois Institute of Art-Chicago and/or the Illinois Institute of Art-Schaumburg on or any time after January 20, 2018, including students who were enrolled prior to January 20, 2018 and remained enrolled after that date, as well as students who first enrolled on or after that date, and who made a tuition payment in 2018 or for any academic term in 2018.

---

[1] The parties are directed to file under seal a list of the names, dates of birth and last known addresses of the Settlement Class Members, excluding all persons who opted out (the "Final Settlement Class List"), which filing is hereby incorporated into this Final Order and Judgment.

## THE REQUEST FOR ATTORNEYS' FEES AND EXPENSES IS REASONABLE

11. The Court has appointed Alexander S. Elson and Eric Rothschild, National Student Legal Defense Network, and Daniel A. Edelman and Tara L. Goodwin, Edelman, Combs, Latturner & Goodwin, LLC, as Class Counsel. Dkt. 313 at ¶ 9.

12. The Court has reviewed the unopposed application for an award of fees and expenses submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted regarding that application. On the basis of its review of the foregoing, the Court hereby awards $1.28 million in attorneys' fees and $209,949.26 in litigation expenses plus Settlement Administrator's expenses, to be distributed to Class Counsel by the Settlement Administrator from the Settlement Fund as set forth in the Settlement Agreement (Dkt. 308-1 at ¶ 45).

## THE REQUEST FOR SERVICE AWARDS IS REASONABLE

13. The Court has appointed Emmanuel Dunagan, Jessica Muscari, Robert Infusino, Stephanie Porreca, Keishana Mahone, and Lakesha Howard-Williams to serve as Settlement Class Representatives of the Settlement Class. Dkt. 313 at ¶ 8.

14. The Court has reviewed the unopposed application for service awards to the Settlement Class Representatives submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted regarding that application. On the basis of its review of the foregoing, the Court hereby approves of service awards in the amount of $20,000 each to Emmanuel Dunagan, Jessica Muscari, Robert Infusino, Stephanie Porreca, Keishana Mahone, and Lakesha Howard-Williams to be paid by the Settlement Administrator from the Settlement Fund as set forth in the Settlement Agreement (Dkt. 308-1 at ¶ 44).

## NO ADMISSION OF LIABILITY

15. This Order shall not be offered or received against Settling Defendants, or any other Released Parties, as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any person or entity with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or any litigation, or of any liability, negligence, fault, breach of duty or wrongdoing of any Released Party.

16. This Order shall not be used for any purpose in this or any other matter or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement or this Final Approval Order and Judgment.

## DISMISSAL AND RELEASE

17. The Action is dismissed with prejudice, with each Party to bear its own costs and attorneys' fees except as provided by the terms of the Settlement Agreement and this Order.

18. Every Settlement Class Member who did not timely and validly opt-out and exclude himself or herself from the Settlement Class fully, finally, and forever releases any and all Released Claims in accordance with the terms of the Settlement Agreement.

19. The terms of the Settlement Agreement, including all exhibits thereto and to this Final Approval Order and Judgment, shall be forever binding on the Settlement Class.

## TERMINATION

20. In the event that the Settlement Agreement is terminated, pursuant to the terms of the Settlement Agreement, (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in any Action or any other proceedings for any

purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in any Action or other proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any Released Claim or the propriety of certifying any class against Settling Defendants, or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Action or the availability or lack of availability of any defense to the Released Claims.

## JURISDICTION

21. Without affecting the finality of this Final Approval Order and Judgment in any way, this Court will retain exclusive continuing jurisdiction over all Parties, the Settlement Administrator and Settlement Class Members with regard to implementation of the Settlement Agreement, disposition of the Settlement Fund, and enforcement and administration of this Order and the Settlement Agreement, including the release provisions thereof. The Court may order any appropriate legal or equitable remedy necessary to enforce the terms of this Final Approval Order and Judgment and/or the Settlement.

## ENTRY OF FINAL JUDGMENT

22. The Court finds there is no just reason for delay and DIRECTS the Clerk to enter judgment pursuant to Federal Rule of Civil Procedure 54 immediately.

SO ORDERED.

DATE: February 3, 2025

_____
Honorable Jeffrey I. Cummings
United States District Judge
for the Northern District of Illinois